**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROSE MARIE BUSCH AND RAYMOND BUSCH,**<br><br>　　　**Plaintiffs,**<br><br>v.<br><br>**TRACTOR SUPPLY COMPANY**<br>　　　**Defendant.** | **CIVIL ACTION NO.:**　3:22-cv-00992 (MAD/ML)<br><br>*Removed From the Supreme Court of the State of New York, County of Delaware*<br><br>**Civil Action No: EF2022-493** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant TRACTOR SUPPLY COMPANY by and through the undersigned counsel, and without waiving any defenses regarding service of process or personal jurisdiction, hereby file this removal of the state court action styled as *Rose Marie Busch v. Tractor Supply Company,* in the Supreme Court of the State of New York, County of Delaware, Civil Action Number EF2022-493, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## STATE COURT PROCEEDINGS

1. Plaintiffs, ROSE MARIE BUSCH and RAYMOND BUSCH, ("Plaintiffs"), filed this action against Defendant on August 24, 2022, in the Supreme Court of the State of New York, County of Delaware. A true and correct copy of the Summons and Complaint is included in **Exhibit A.**

2. Plaintiffs served Defendant TRACTOR SUPPLY COMPANY, hereinafter ("TSC"), on August 26, 2022.

3. To the best of the Removing Defendant's knowledge, no proceedings, process, pleadings, orders or other papers have been filed or served in the State Court Action, other than as identified in this Notice of Removal.

## REMOVAL OF THIS ACTION IS PROPER

4. The United States District Court for the Northern District of New York has original subject matter jurisdiction over this civil matter pursuant to 28 U.S.C. §§ 1332, because the parties hereto are of diverse citizenship and the amount in controversy, exclusive of interests and costs, exceeds the sum specified by 28 U.S.C. § 1332. Further, the action is one that may be removed to the District Court pursuant to 28 U.S.C. § 1441 and 1446 for the reasons set forth below:

5. Under 28 U.S.C. § 1332, this Court has jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. These civil actions "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) and (b).

6. The Complaint asserts civil claims against Defendant for negligence and loss of consortium. (Compl., pp. 3-5).

## COMPLETE DIVERSITY EXISTS

7. Complete diversity of citizenship exists in this matter. *See* 28 U.S.C. § 1332.

8. Upon information and belief, Plaintiffs, Rose Marie Busch and Raymond Busch, are "residents of the County of Delaware, in the State of New York." (Compl. p. 3). The Plaintiffs are citizens of New York for purposes of this Removal. 28 U.S.C. § 1332(c)(1).

9. At all times relevant hereto, Defendant TSC, is a for-profit corporation incorporated in Delaware with its principal place of business at 5401 Virginia Way, Brentwood, Tennessee. The Defendant is a citizen of Delaware and Tennessee for purposes of this Removal. 28 U.S.C. § 1332(c)(1).

10. Complete diversity of citizenship exists as between the New York Plaintiffs and Delaware/Tennessee Defendant, TSC. Because the removing Defendant and Plaintiffs are not citizens of the same state, including the forum state, New York, 28 U.S. §1441 does not bar removal of this action. *See* 28 U.S.C. § 1441.

11. Because complete diversity of citizenship exists between all Plaintiffs and Defendant, this matter is properly removed.  28 U.S.C. § 1332.

12. Accordingly, there is complete diversity of citizenship between all properly joined parties.

## THIS MATTER SATISFIES THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332.

13. The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.

14. Plaintiff ROSE MARIE BUSCH seeks damages for "*severe and serious personal injuries, suffering injuries to her entire body and mind, many of which are permanent with permanent effects thereof, and further the plaintiff was caused to become; sick, sore, lame and disabled, and subject to great physical pain and mental anguish for which the Plaintiff was required to seek medical care and attention in an effort to cure, and /or alleviate some of the injuries, ills, and disabilities suffered: plaintiff was further prevented from following her usual vocation for a considerate period of time and will be permanently so disabled all resulting in substantial monetary expense and loss, and the Plaintiff will continue into the future to suffer similar losses, expenses, disabilities and diminished activities, all to her damage in a sum in excess of the jurisdictional limits of all of the lower courts of the State of New York.*" (Compl. p. 4).

15. Plaintiff RAYMOND BUSCH seeks damages for loss of  "*services, companionship, and society, of his wife, . .*" (Compl. p. 5).

3

16. Although unspecified in Plaintiffs' Complaint, damages alleged by Plaintiffs for permanent personal injuries, mental anguish, pain and suffering, disablement, loss of consortium, in addition to other harms, in these proceedings, exclusive of interests and costs, likely exceeds the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a).

17. Accordingly, satisfaction of the amount in controversy requirement is apparent from the allegations in the Plaintiffs' Complaint. Therefore, based on the Complaint's plain allegations, the amount in controversy meets the minimum amount required by 28 U.S.C. § 1332.

### **THE REMOVING DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18. Defendant TSC has timely filed this notice of removal. *See* 28 U.S.C. §§ 1441, 1446(b).

19. Delaware County, New York is located within the United States District Court for the Northern District of New York. *See* 28 U.S.C. §§ 1332, 1441, 1446.

20. Contemporaneously with this Notice of Removal, Defendant TSC is filing written notice of the notice of removal, as well as a copy of the notice of removal, with the clerk of the Supreme Court of the State of New York, County of Delaware, and serving a copy of both documents to Plaintiffs, through its counsel, pursuant to 28 U.S.C. § 1446(d).

21. Defendant TSC submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. TSC specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules of Civil Procedure.

Wherefore, TSC respectfully removes this action from the Supreme Court of the State of New York, County of Delaware, Civil Action Number EF2022-493, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted this 21st day of September, 2022.

                                                  Gordon Rees Scully Mansukhani LLP

By:_____
      Joseph T. Rivera, Jr., Esq.
      One Battery Park Plaza, 28th Floor
      New York, NY 10004
      ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I filed the foregoing using the court's ECF electronic filing system. A copy of the foregoing has been furnished to the following, on September 21, 2022, via United States Postal Service and email:

ROBERT D. GOULD, P.C.
Attorney for Plaintiffs
Rose Marie Busch and Raymond Busch
244 Lakota Drive
Denver, New York 12421
Tel: (917) 670-0151
Email: robertgould@yahoo.com

This 21st day of September, 2022.

By:\_\_\_ _____
Joseph T. Rivera, Jr., Esq.